UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| FAYE WILLIAMS, | |
| Plaintiff, | 2:06-cv-0858-BES-RJJ |
| vs. | REPORT & RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |
| CREDIT ONE FINANCIAL, *et al.*, | (Defendant's Motion for Sanctions (#55)) |
| Defendants. | |

This matter came before the Court for a hearing on Defendant's Motion for Sanctions to Dismiss the Case (#55). The Court has considered Defendant's Motion (#55) and Defendant's Reply (#60). No response was filed by Plaintiff, Faye Williams until after the hearing. Plaintiff's Response (#62) was untimely filed sixty (60) days after the motion in violation of LR 7-2. Further, the Court finds that the Motion (#55) should be granted on the merits.

**BACKGROUND**

On June 12, 2006, Plaintiff, Fay Williams (Williams), filed this cause of action in the State of Nevada's Eighth Judicial District Court.[1] The First Amended Complaint alleged claims for retaliation, discrimination, wrongful termination, civil conspiracy and emotional distress, and interference with the right to family medical leave, in violation of the Family Medical Leave Act (FMLA) 29 U.S.C. § 2601, et seq., and the State of Nevada's public policy. Pet. for Removal (#1)

---

[1] Case No. A517968.

1  at 5-13. The Defendant properly removed this case to the United States District Court for the
2  District of Nevada on July 14, 2006, pursuant to 28 U.S.C. §§ 1331, 2601, et seq., and 28 U.S.C. §
3  1367. On December 4, 2006, District Judge Brian E. Sandoval dismissed four of Willimas' five
4  claims. Order (#10). The only remaining issue in the case is Williams' claim for retaliatory
5  discharge in violation of the FMLA.

6  Plaintiff's attorney withdrew as counsel of record for her by order of the court on February
7  13, 2007. Order (#20). The Court at that hearing advised Williams of her duty to comply with the
8  Federal Rules of Civil Procedure and the Local Rules even though she planned to represent herself
9  thereafter.

**FACTS**

11  On March 20, 2007, the Court granted the parties' Stipulated Discovery Plan and Scheduling
12  Order. Order (#25). In the Order (#25), discovery was set to close on August 27, 2007. On April
13  18, 2007, Defendant served Williams with Defendant's First Set of Requests for Production of
14  Documents and Interrogatories. Responses were due on May 21, 2007. Mot. Compel (#32) at 2.
15  Williams informed Defendant that she would not be able to properly provide the discovery requests
16  by the deadline due to injuries sustained in an unrelated accident. On two separate occasions,
17  Defendant agreed to extended the deadline for Williams to respond to Defendant's First Requests.
18  On June 29, 2007, the second extension due date, Williams responded to Defendant's First Requests;
19  however, the responses were incomplete or unresponsive. Thereafter, Defendant contacted Williams
20  requesting her to provide additional information to cure deficiencies in her responses.

21  Defendant and Williams held an in-person meeting on August 7, 2007, wherein Defendant's
22  counsel agreed to give Williams until August 15, 2007, to respond to Defendant's First Requests.
23  On the day of the in-person meeting, the parties filed a Stipulation (#30) requesting an extension for
24  discovery and dispositive motion deadlines. The reason to extend the discovery deadline was to give
25  Williams additional time to adequately respond to Defendant's First Requests, and to obtain
26  witnesses statements. Stipulation (#30). The Court granted the Stipulation on August 9, 2007, and
27  extended the discovery cut off by sixty (60) days up to and including October 26, 2007. Order (#31).
28  On August 21 2007, Defendant filed a Motion to Compel (#32) seeking an order compelling

Williams to provide answers to Defendant's First Requests, and to recover the reasonable attorney's fees, including expenses for bringing the motion. Williams did not provided timely supplemental responses to Defendant's First Requests and made no effort to contact the Defendant. Williams did not respond to Defendant Motion to Compel (#32), and on October 3, 2007, the Court granted Defendant's Motion to Compel (#32). Order (#39). The Court ordered: (1) Williams to provide the deficient information on or before October 19, 2007; (2) Defendant to file an affidavit of fees and costs incurred in bringing the Motion; (3) Williams to file a response to the affidavit for fees and costs; and (4) to have the parties appear for a hearing on the request for fees and costs related to the Motion to Compel (#32). Order (#39) at 1-2.

On October 19, 2007, Williams provided Defendant with a supplement to the discovery requests, but her responses were still deficient. To date, Williams has failed to provide adequate responses to Defendant's First Requests. Defendant filed its Affidavit for Attorneys Fees (#46). Williams, on October 31, 2007, filed her Response to Defendant's Affidavit for Attorneys Fees (#51). The Court held a hearing on November 15, 2007, to decide whether the Defendant was entitled to its attorney's fees for bringing the Motion to Compel (#32). After hearing arguments, the Court awarded attorney's fees to Defendant ordering Williams to pay $1,386.25. Order (#54). The Court, at the hearing, also granted an extension on the discovery deadline until January 25, 2008.

On December 19, 2007, Defendant filed its Motion for Sanctions (#55). Defendant argued that Williams failed to comply with Court Orders (#39) and (#54) in refusing to provide the information sought in the Motion to Compel (#32), and failing to pay for Defendant's attorney's fees for brining the Motion to Compel (#32). Mot. Sanctions (#55) at 3. To date, Williams has not paid any amount of the $1,386.25 due.

A hearing on Defendant's Motion (#55) was held by on January 17, 2008. The Court heard arguments from the parties and took the Motion (#55) under submission. On January 18, 2008, the day after the hearing, Williams filed her Response to Defendant's Motion for Sanctions (#62); thereafter, Defendant filed its Reply (#60). The Court now decides Defendant's Motion for Sanctions (#55).

. . . .

**DISCUSSION**

The purpose of the Federal Rules of Civil Procedure is to "secure the just, speedy, and inexpensive determination of every action and proceeding." FED. R. CIV. P. 1. To this end, several rules exist to assure a just, speedy, and inexpensive outcome while allowing sanctions on noncomplaint parties. Rule 37(b) provides, in pertinent part, that: "[i]f a party . . . fails to obey an order to provide or permit discovery, including an order under Rule . . . 37(a) . . . the court where the action is pending may issue further just orders . . . includ[ing] . . . dismissing the action or proceeding in whole or in part." FED. R. CIV. P. 37(b)(2)(A). Moreover, "[t]he court . . . may, on motion, order sanctions [including dismissing the action] if . . . a party after being properly served with interrogatories under Rule 33 . . . fails to serve its answers, objections, or written response." FED. R. CIV. P 37(d)(1)(A)(ii); FED. R. CIV. P. 37(d)(3).

The Court has "an obligation to construe [pro se] pleadings liberally"[,] [h]owever, "[p]ro se litigants must follow the same rules of procedure that govern other litigants." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1986). Furthermore, if a pro se litigant ignores a court order, discovery sanctions may be imposed. See generally Watkis v. Payless Shoesource, 174 F.R.D. 113 (MD. Fla. 1997); Mathews v U.S. Shoe Corp., 176 F.R.D. 442 (WD. N.Y. 1997); Pack v. South Carolina Wildlife & Marine Resources Dep't, 92 F.R.D. 22 (D.S.C. 1981).

The Ninth Circuit stresses that because dismissal is such a harsh penalty, it should only be imposed in extreme circumstances. Malone v. U.S. Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987). Thus, in deciding whether to dismiss a case for failing to comply with a court order, the court should weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the Defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Allen v. Bayer Corp. (In re : Phenylpropanolamine (PPA) Prods. Liab. Litig.), 460 F.3d 1217, 1226 (9th Cir. 2006) (citing Malone, 833 F.2d at 130). "These factors are 'not a series of conditions precedent before the judge can do anything,' but a 'way for a district judge to think about what to do.'" Allen, 460 F.3d at 1226 (citing Valley Eng'rs Inc. v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998)). Here, since Plaintiff is a pro se litigant, the Court will analyze these factors with leniency towards

the Plaintiff.

**1. Expeditious Resolution of Litigation**

"Orderly and expeditious resolution of disputes is of great importance to the rule of law . . . . [and b]y the same token, delay in reaching the merits . . . is costly in money, memory, manageability, and confidence in the process." Allen, 460 F.3d at 1227. In the present matter, Williams has not tried to expeditiously resolve this matter. Defendant gave Williams three extensions to adequately respond to its First Requests and Interrogatories. The Court extended discovery to give Williams more time to respond to the discovery requests and when Williams would still not cooperate, the Court ordered Williams to provide the information. Order (#39). Even after the Court Order (#39), Williams failed to provide the information requested. The information being sought by Defendant includes facts that would support Williams' claim. Without this information, Defendant cannot prepare a defense against Williams' claim. It is a plaintiff's obligation to move a case forward and Williams has failed to do so. Williams' pro se status does not excuse her from having to follow the rules of procedure that govern all litigants. Williams' behavior and failure to comply with the Court's order has greatly delayed this matter beyond all reasonableness. The Court finds that Williams' behavior is inconsistent with the purpose of the Federal Rules of Civil Procedure to provide a "just, speedy, and inexpensive determination" of this action. FED. R. CIV. P. 1.

**2. Courts Need to Manage Its Docket**

The district court's inherent power to control its dockets includes issuing a sanction of dismissal where appropriate. Thompson v. Housing Authority of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). The sanction of dismissal "must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." NHL v. Metro Hockey Club, 427 U.S. 639, 642 (U.S. 1976).

Here, Williams' failure to provide adequate discovery responses has caused substantial delays in the case. This case began in August 2006; since then, discovery is not finished due to Williams' failure to comply with the rules of discovery and Orders (#39) and (#54). Williams was warned by

the Court at the November 15, 2007, hearing (#54) that the only claim left in the case was for retaliatory discharge in violation of the FMLA. Moreover, the Court explained to Williams that generalities to answers are not allowed and that Defendant needed specific facts that supported her claim. Hearing (#54). The Court left no doubt that Williams' answers were lacking facts and the Court gave Williams specific instructions on how she needed to answer. Id. At the January 17, 2008, Hearing (#61), Williams informed the Court that she was unable to provide adequate answers due to injuries sustained in an unrelated accident; however, the Court discovered that during this time Williams devoted time to recreation and vacationing, rather completing her responsibilities in the litigation. It is of upmost importance that the Court manage its docket, and Williams' behavior has made it impossible for the Court to effectively manage this case.

**3. Risk of Prejudice to the Defendant**

The Ninth Circuit has found that a defendant suffers prejudice where a "plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." Adriana Intl. Corp. v. Lewis & Co., 913 F.2d 1406, 1411 (9th Cir. 1990).

Here, Williams' actions has substantially prejudiced Defendant's ability to defend this case. The Court agrees with Defendant's argument that Williams' failure to provide complete responses have prejudiced Defendant because proper answers may have helped resolve the case on summary judgment. Defs.' Mot. Sanctions (#55) at 7. Moreover, the insufficient answers create an opportunity for Williams to later reveal those facts to Defendant's surprise and detriment. Defendant futilely tired to move this matter forward by deposing Williams to better understand her claim, but Williams continued to answer Defendant's questions vaguely. Hearing (#61). Lastly, Williams has also refused to make a material witness available for depositions. Defs.' Mot. Sanctions (#55) at 7. Williams' disobedience to the rules and court orders has substantially and unreasonably delayed the matter causing Defendant to incur substantial costs, and to be substantially prejudiced.

**4. Public Policy Favoring Disposition of This Cases on the Merits**

The Ninth Circuit holds that "public policy favoring disposition of cases on their merits strongly counsels against dismissal." Allen, 460 F.3d at 1228. However, resolution on the merits cannot occur if the case is staled or unreasonably delayed by a plaintiff's failure to comply with court

1   orders and discovery obligations. Allen, 460 F.3d at 1228. Therefore, if the plaintiff is the party
2   causing the delay, dismissal is the appropriate sanction, because it is the plaintiff's responsibility to
3   move the case toward disposition on the merits. Allen v. Exxon Corp. (In re Exxon Valdez), 102
4   F.3d 429, 433 (9th Cir. 1996).

In the present matter, Williams' delay has stalled this litigation at every turn. Defendant's dispositive motions cannot be prepared and filed. Public policy favors the disposition of cases on the merits, but it also favors the just and speedy determination of every action. Fed. R. Civ. P. 1. It has been over ten months since Williams was served with the Defendant's First Requests and she still has not provided adequate answers. The Court will not allow Williams' irresponsibility to frustrate the Court's attempt to facilitate the disposition of this case on the merits. Therefore, although public policy disfavors dismissal in most circumstances, here, public policy supports the dismissal of this case due to Williams' unreasonable disobedience and delays.

**5. The Availability of Less Drastic Sanctions.**

When considering this factor, the Court must compare the impact of dismissing the case to the adequacy of a less drastic sanction. Malone, 833 F.2d at 131-32. The Ninth Circuit has outlined three factors to help facilitate this analysis, which are: "(1) [d]id the court explicitly discuss the feasibility of less drastic sanctions and explain why alternative sanctions would be inadequate; (2) [d]id the court implement alternative methods of sanctioning or curing the malfeasance before ordering dismissal; and (3) [d]id the court warn the plaintiff of the possibility of dismissal before actually ordering dismissal." Malone, 833 F.2d at 132.

Here, dismissing the case is appropriate because less drastic sanctions are inadequate. Williams was given countless opportunities to supplement her discovery responses but she continued to disobey the rules and court orders. The Court ordered Williams to immediately pay Defendant for attorney's fees but Williams failed to do so. In addition, the Court stresses that Williams' financial situation has no bearing on her lack of compliance with the Rules of Civil Procedure. The Court explained to Williams that her responses to the Defendant's Discovery Requests were too general and explained what Williams had to do to cure the problem, yet Williams failed to follow the Court's order. Hearing (#54). The Court on the January 17, 2007, Hearing (#61), inquired why

1  Williams did not comply with the Court's order, to which Williams had no reply. The Court has
2  tried to fix the problem with less drastic sanctions but Williams remains obstinate and uncooperative.
3      Although the Court did not specifically warn Williams that her case might be dismissed if
4  she did not comply with the rules or the Court's orders, the Court explained to Williams that further
5  action would be taken if she did not provide adequate answers to Defendant's First Requests. The
6  Court has unsuccessfully attempted to make Williams adequately answer Defendant's First Requests
7  but Williams continues to disobey the rules of civil procedure. The Court finds that any further
8  attempts to make Williams obey would be futile.
9      After analyzing the Allen factors, the Court finds that this case should be dismissed. Allen,
10 460 F.3d at 1226. Williams was given ample opportunities to comply with the discovery rules but
11 she continued in her disobedient and obstinate behavior. Therefore, it is the Court's recommendation
12 to dismiss the case with prejudice.

## CONCLUSION

14     Pursuant to Rule 37, "[i]f a party . . . fails to obey an order to provide or permit
15 discovery. . . the court where the action is pending may issue further just orders . . . includ[ing] . .
16 . dismissing the action or proceeding in whole or in part." FED. R. CIV. P. 37(b)(2)(A). Although
17 dismissal is a harsh penalty and should only be granted in extreme circumstances, Williams'
18 behavior warrants dismissal of this case. Defendant's Motion (#55) will be granted.

## RECOMMENDATION

20     Based on the foregoing and good cause appearing therefore,
21     IT IS THE RECOMMENDATION of the undersigned Magistrate Judge that the
22 Defendant's Motion for Sanctions (#55) be **GRANTED and this case be DISMISSED WITH**
23 **PREJUDICE.**

## NOTICE

25     Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation**
26 **must be in writing and filed with the Clerk of the Court on or before May 28, 2008.** The
27 Supreme Court has held that the courts of appeal may determine that an appeal has been waived
28 due to the failure to file objections within the specified time. Thomas v. Arn, 474 U.S. 140, 142

- 8 -

1  (1985).  This circuit has also held that (1) failure to file objections within the specified time and
2  (2) failure to properly address and brief the objectionable issues waives the right to appeal the
3  District Court's order and/or appeal factual issues from the order of the District Court.  <u>Martinez</u>
4  <u>v. Ylst</u>, 951 F.2d 1153, 1157 (9th Cir. 1991); <u>Britt v. Simi Valley United Sch. Dist.</u>, 708 F.2d
5   452, 454 (9th Cir. 1983).

    DATED this  13th  day of May, 2008.

                                                            _____
                                                            ROBERT J. JOHNSTON
                                                            United States Magistrate Judge